**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-5011**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRIAN KEITH SLOTT, a/k/a Amy Farmer, a/k/a Buffy Tanner,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:10-cr-00053-RLV-DSC-4)

Submitted: December 17, 2013      Decided: January 8, 2014

Before AGEE, DAVIS, and KEENAN, Circuit Judges.

Affirmed and remanded by unpublished per curiam opinion.

Norman Butler, LAW OFFICE OF NORMAN BUTLER, Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Melissa L. Rikard, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian Keith Slott appeals the 180-month sentence imposed following his guilty plea to conspiracy to distribute child pornography, in violation of 18 U.S.C. § 2252A, and receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2). Slott was subject to a mandatory minimum sentence due to his prior Wisconsin conviction for first-degree sexual assault of a child. See id. § 2252A(b)(1). On appeal, Slott argues that his sentence violates the Eighth Amendment. We affirm.

We review challenges to sentences on Eighth Amendment grounds de novo. United States v. Malloy, 568 F.3d 166, 180 (4th Cir. 2009). The Eighth Amendment forbids cruel and unusual punishment and implicitly requires that a criminal sentence be proportionate to the crime or crimes of conviction. Solem v. Helm, 463 U.S. 277, 284 (1983). Generally, "three factors [are] considered in conducting such a proportionality review: (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions." United States v. Kratsas, 45 F.3d 63, 66 (4th Cir. 1995) (citing Solem, 463 U.S. at 292); see Graham v. Florida, 560 U.S. 48, 59-60 (2010) (same).

2

Slott does not argue that his sentence is unconstitutional in light of the above considerations. Instead, he suggests that we should adopt an alternative proportionality review analysis that focuses on the specific characteristics of a defendant and his offense, thereby allowing a district court to disregard statutory mandatory minimums based on its consideration of the factors in 18 U.S.C. § 3553(a). Because Slott fails to identify any authority supporting such a drastic break with established Eighth Amendment precedent, his suggestion is not well taken. See Rodriguez de Quijas v. Shearson/Am. Express, Inc., 490 U.S. 477, 484 (1989).

Accordingly, we affirm the judgment. We note, however, that the judgment and commitment order contains a clerical error, see Fed. R. Crim. P. 36. We therefore remand this case to the district court for the limited purpose of correcting the offense in Count 5 to reflect the offense to which Slott pled guilty — receipt of child pornography. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED AND REMANDED